UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL O. DEVAUGHN,<br><br>  Plaintiff<br><br>  v.<br><br>DARREN J. MANNION et al.,<br><br>  Defendants. | Case No. ED CV 10-892-TJH (GJS)<br><br>**AMENDED ORDER TO SHOW CAUSE WHY LEAVE TO FILE WITHOUT PREPAYMENT OF FULL FILING FEE STATUS SHOULD NOT BE REVOKED AS RULE 11 SANCTION**[1] |

**INTRODUCTION**

This case has sat idle for roughly four years as the Court awaited DeVaughn's state court cases to become final. Ready to start again, the Court has discovered what it believes were gross misrepresentations in the Complaint about DeVaughn's litigation history. Accordingly, the Court orders DeVaughn to show cause why his leave to file without full prepayment of fees should not be revoked because he misrepresented his litigation history under Rule 11, likely to avoid potential 28 U.S.C. § 1915(g) denial of leave under the "three-strikes" bar. The Court sets forth

---

[1] This Court's initial order overstated the number of cases that DeVaughn has brought while incarcerated. [Dkt. 43.] Although the precise number is not germane to the Court's reasoning, the Court issues this amended order. For convenience, this Court has underlined the changes it made from its original order.

its reasoning below. DeVaughn has until July 15 to respond to this Order. The Court will deem a failure to do so as agreement with the Court's reasoning and imposition of sanctions as described below. *See* C.D.Cal. Local Civ. R. 7-12.

## BACKGROUND

**I.     DeVaughn's Litigation History (As Described in the Complaint)**

The Complaint, filed on September 3, 2010, was lodged with the Court on June 15, 2010 with DeVaughn's signature dated June 6, 2010. [Dkts. 1-1 and 5.] Although DeVaughn is not required to use a particular form to file a civil rights complaint, he opted to use the CV-66 form made available in this District. Section A of that form—titled "PREVIOUS LAWSUITS"—asks a prisoner-plaintiff to state how many federal lawsuits he has pursued while a prisoner, and to describe each lawsuit. [Dkt. 5 at 1.] DeVaughn answered that he brought "4 (four)" lawsuits:

- Case No. EDCV-08-1515-ASH (SH), where the court denied leave to proceed without prepayment of the full filing fee because it did not submit the trust fund authorization form;
- Case No. 5:04-CV-00677-DSF (SH), where the court dismissed his suit on April 12, 2007 after "[t]he defendants falsely rearrested this petitioner October 31, 2006 to impede the civil action."
- Two cases filed in South Carolina that DeVaughn does not have the case number to, the first of which resulted in a defaulting defendant and the second of which was dismissed at the summary judgment stage. He says neither was dismissed as frivolous.

[*Id.*] The Complaint has no attachments listing additional court cases.

**II.     DeVaughn's Litigation History (Based on the Court's Review)**

A search of the Court's federal electronic records reveals a far more litigious past than DeVaughn disclosed in the Complaint.[2] According to the PACER docket entries, DeVaughn has filed approximately <u>twenty-two</u> civil lawsuits <u>(including this one)</u>, <u>nineteen habeas petitions (including one pending)</u>, and forty-three appeals from 1992 through 2015. [Attachments 1&2.][3] Because of that litigation history, DeVaughn has been prohibited from "filing any further § 2255 motions" "[o]n his own behalf," barred from further filings in a closed Ninth Circuit case, and has been described as having a "penchant for filing frivolous pleadings." [*Michael O. DeVaughn v. Ray*, Case No. 4:99-3405-17BF, Report & Recommendation, Dkt. 6 at 4-5 (D.S.C. Oct. 21, 1999) (describing prior litigation history).]

---

[2] *United States ex. rel. Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir.1992) (a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (cited in *United States v. Aguilar*, 782 F.3d 1101, 1103 n.1 (9th Cir. Apr. 10, 2015)).

[3] A few of these may be attributable to other people, and a few were filed after DeVaughn signed and filed the Complaint. Excluding those suits from consideration does not change the Court's analysis.

# DISCUSSION

## I. DeVaughn's Leave to File Without Prepayment of the Full Filing Fee Should Be Revoked Because He Violated Rule 11 by Misrepresenting His Litigation History.

### A. DeVaughn's Conduct Is Rule 11 Sanctionable.

Under Rule 11, when a party (including a *pro se* plaintiff) signs a pleading, he represents that, "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, . . . the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support[.]" Fed. R. Civ. P. 11(b)(3); *see Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (per curiam) (holding that Rule 11 applies to *pro se* litigants just as it applies to represented parties); *e.g.*, *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1177 (9th Cir. 1996). "Rule 11 provides for the imposition of sanctions when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Simpson*, 77 F.3d at 1177.[4] And "while we give pro se litigants special consideration, 'pro se filings do not serve as an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already over-loaded court dockets.'" *Adams v. Nankervis*, 902 F.2d 1578 (9th Cir. 1990) (quoting *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988)).

The Court believes that DeVaughn's factual contention that he had brought only four prior federal lawsuits was a knowing misrepresentation on June 6, 2010—the

---

[4] "Although Rule 11 applies to *pro se* plaintiffs, the court must take into account a plaintiff's *pro se* status when it determines whether the filing was reasonable." *Warren*, 29 F.3d at 1390.

4

1  date that DeVaughn signed the Complaint. Misrepresenting litigation history is
2  Rule 11 sanctionable. *E.g.*, *Warren*, 29 F.3d at 1389 (remanding to the district court
3  to determine whether a *pro se* litigant's alleged false statement that "he had never
4  filed a federal or state lawsuit concerning his alleged assault by the [prison cook]"
5  was Rule 11 sanctionable); *Hadley v. Homme*, No. 1:10-CV-00870-LJO, 2011 WL
6  2493761 at *3 (E.D. Cal. June 22, 2011) (finding plaintiff's failure to list ten
7  additional lawsuits as sanctionable). And here, that DeVaughn lied about his prior
8  lawsuits seems nearly irrefutable; by the time he signed the Complaint, he had
9  already filed **twenty** district court civil cases. [Attachment 1.]
10  There is also significant evidence to suggest that DeVaughn's answer was made
11  in bad faith and *knowingly* false. First, the form expressly requested that he list the
12  number of prior federal lawsuits, so the magnitude of the difference between what
13  the Court believes to be the actual number (20) and the number he listed (4) itself
14  provides some evidence that DeVaughn lied. Second, the form explained that "[i]f
15  there is more than one lawsuit, describe the additional lawsuits on an attached piece
16  of paper using the same outline." [Compl. at 1.] Third, and perhaps most
17  persuasively, DeVaughn had been previously denied leave to file without
18  prepayment of the full filing fee because he did "not state[] all of his prior civil
19  rights lawsuits in Section A, including any such lawsuits filed in other federal
20  district courts." [*Michael O. DeVaughn v. D.J. Mannion et al.*, Case No. 5:08-cv-
21  1515 (SH), Dkt. 2 at 1 (C.D.Cal Nov. 6, 2008).] That order provides strong
22  evidence that DeVaughn was aware of the form's requirement that he describe all
23  prior lawsuits, and knowingly disregarded it here.
24  Based on the foregoing, the Court intends to recommend that the District Judge
25  find that DeVaughn committed a Rule 11 sanctionable act based on his signature on
26  the Complaint including a grossly inaccurate statement regarding his litigation
27  history.
28

### B. Revoking DeVaughn's Leave to File Without Prepayment of the Full Filing Fee is an Appropriate Sanction.

Assuming that the Court determines a Rule 11 violation occurred, its analysis then turns to an appropriate sanction. Rule 11 requires that "[a] sanction imposed … be limited to what suffices to deter repetition of the conduct," Fed. R. Civ. P. 11(c)(4), although "[t]he district court has wide discretion in determining the appropriate sanction for a Rule 11 violation." *Hudson v. Moore Bus. Forms, Inc.*, 836 F.2d 1156, 1163 (9th Cir. 1987).

"IFP litigants, proceeding at the expense of taxpayers, need to be deterred from filing frivolous lawsuits as much as litigants who can afford to pay their own fees and costs." *Warren*, 29 F.3d at 1390. In particular, this type of failure—omitting lawsuits to evade a potential "three-strikes" bar—"interferes with the Court's efforts to conserve judicial resources by preventing the proliferation of vexatious litigation." *Hadley*, 2011 WL 2493761 at *3.

Here, because the Court has found DeVaughn to be indigent, monetary sanctions would be inappropriate and ineffective. Thus, the Court must look to nonmonetary sanctions. At least one other California district court has held that dismissal without prejudice was an appropriate sanction for a prisoner who misrepresented his prior litigation history in his complaint to conceal his "three-strikes" status. *E.g.*, *id.* This Court has determined that, though dismissal would be an appropriate sanction, it need not go so far here. Instead, the Court intends to recommend that DeVaughn's leave to continue this action without prepayment of the full filing fee in this action be revoked and that he must pay the entire filing fee within thirty days if he wishes to continue prosecuting this case. This proposed sanction is appropriate because the case remains in an early posture (even though five years has elapsed) and because the fraudulently provided information is typically relied upon by the court to determine whether 28 U.S.C. § 1915(g) bars a prisoner-plaintiff from proceeding without paying the full filing fee. *See infra* at Part II. This sanction would

hopefully deter DeVaughn from misrepresenting his prior litigation history if he files additional lawsuits in the future.

## II. Potential Applicability of the Three-Strikes Provision of 28 U.S.C. § 1915(g).

Under 28 U.S.C. § 1915(g), prisoners who have filed three lawsuits that were "malicious, frivolous, or failed to state a claim" may not proceed without paying the full filing fee initially unless they are "in imminent danger of serious physical injury." Given the Court's proposed Rule 11 sanction, the Court need not consider whether DeVaughn would have been barred by section 1915(g). Nonetheless, in the event that the Court finds that Rule 11 was not violated or that a different sanction is appropriate, it intends to consider whether it may apply the "three-strikes" rule here. If that occurs, the Court will set forth in a separate show cause order any basis for its potential application of section 1915(g) and will give DeVaughn a reasonable opportunity to respond.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that DeVaughn file a response to this Order to Show Cause on or before July 15, 2015 explaining why this Court should not recommend that DeVaughn be required to pay the full filing fee immediately or face dismissal.

**IT IS HEREBY ORDERED.**

DATED: June 17, 2015

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE